UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

PROTEINHOUSE FRANCHISING, LLC, et al.,

Plaintiffs,

v.

KEN B. GUTMAN, et al.,

Defendants.

Case No. 2:17-cv-02816-APG-PAL

**ORDER DENYING MOTION TO DISMISS AND GRANTING MOTION TO SUPPLEMENT RESPONSE**

(ECF Nos. 25, 38)

The plaintiffs are the owners and franchisors of Proteinhouse restaurants. They allege their former business associates stole their webpage and business secrets and defamed them to franchisees. Defendant Ken Gutman moves to dismiss the plaintiffs' amended complaint, arguing that this court cannot exercise personal jurisdiction over him. ECF No. 25. The plaintiffs filed an opposition, and later moved for permission to supplement their opposition with newly discovered evidence. ECF No. 38. Because the motion to supplement is unopposed, I grant it under Local Rule 7-2(d). I deny Gutman's motion to dismiss because the plaintiffs adequately allege that Gutman has conducted activities within Nevada, and has directed actions at Nevada such that he should reasonably expect to be sued here.

When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate. The plaintiff "need only make a prima facie showing of jurisdictional facts." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (citing *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990)). "Although the plaintiff cannot simply rest on the bare allegations of its complaint, . . . uncontroverted allegations in the complaint must be taken as true." *Id.* (citation omitted); *see also Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000) ("Because the prima facie jurisdictional analysis requires us to accept the plaintiff's allegations as true, we must adopt [the plaintiff's] version of events for purposes of this appeal.").

The court cannot exercise general personal jurisdiction over Gutman because he lacks "continuous and systematic" affiliations with Nevada. *Daimler AG v. Bauman*, 134 S.Ct. 746, 754 (2014).

The court may exercise specific personal jurisdiction over Gutman if: (1) he purposefully directed activities at or consummated some transaction with Nevada or a Nevada resident; or performed some act by which he purposefully availed himself of the privilege of conducting activities in Nevada, thereby invoking the benefits and protections of its laws; (2) the plaintiffs' claims arise out of or relate to his forum-related activities; and (3) the exercise of jurisdiction comports with fair play and substantial justice, i.e. it is reasonable. *Schwarzenegger*, 374 F.3d at 802. The plaintiffs have the burden of proving the first two parts of this test. If they do, the burden shifts to Gutman to "present a compelling case" that the exercise of jurisdiction would not be reasonable. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985).

The plaintiffs adequately allege that Gutman purposefully availed himself of the privilege of conducting activities in Nevada. Gutman traveled to Nevada to negotiate an agreement with the plaintiffs, who are Nevada residents and a Nevada entity. Gutman knew he would be working for the Nevada entity and (after entering into the agreement) he continued to travel to Nevada to perform parts of his contractual duties. *See* ECF Nos. 20 at ¶ 3; 27-1 at ¶¶ 6-10. He performed numerous duties for the plaintiffs and was paid for doing so.

The plaintiffs also adequately allege that Gutman purposefully directed tortious conduct at Nevada and a Nevada entity. Gutman allegedly sent disparaging emails about the plaintiffs to their franchisees and seized the plaintiffs' domain name and website. *See* ECF No. 20 at ¶¶ 29-30. Gutman knew the individual plaintiffs live in Nevada and that Proteinhouse is a Nevada entity. His actions therefore were directed at a known Nevada entity and Nevada citizens with the clear intent that the impacts would be felt in Nevada.

The plaintiffs' claims are based on Gutman's contract with the plaintiffs and his alleged tortious actions against the plaintiffs. Thus, the plaintiffs' claims arise from Gutman's forum-related activities.

Given Gutman's activities, it is reasonable that he come to court in Nevada to answer the plaintiffs' claims. Gutman does not argue to the contrary. Because this court can exercise specific personal jurisdiction over Gutman, his motion to dismiss will be denied.

IT IS THEREFORE ORDERED that defendant Gutman's motion to dismiss (**ECF No. 25**) **is DENIED.**

IT IS FURTHER ORDERED that the plaintiffs' motion to supplement the record **(ECF No. 38) is GRANTED.**

DATED this 5th day of April, 2018.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE