JONATHAN W. FOUNTAIN
Nevada Bar No. 10351
MATTHEW J. KREUTZER
Nevada Bar No. 8834
HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Pkwy., Suite 1000
Las Vegas, NV 89169
Tel. (702) 257-1483
Email: jwf@h2law.com
Email: mjk@h2law.com

*Attorneys for Plaintiffs*
*Proteinhouse Franchising, LLC,*
*LRAB, LLC, and Andrew F. Bick*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| PROTEINHOUSE FRANCHISING, LLC, LRAB, LLC, and ANDREW F. BICK, <br><br> Plaintiffs, <br><br> v. <br><br> KEN B. GUTMAN, STEVE HORCH, and JOHN DOE, <br><br> Defendants. | Case No. 2:17-cv-02816-APG-PAL <br><br> **STIPULATION AND [PROPOSED] ORDER REGARDING DEFENDANT KEN B. GUTMAN'S TELEPHONE RECORDS** |

Plaintiffs Proteinhouse Franchising, LLC, LRAB, LLC, and Andrew F. Bick (together, "Plaintiffs") have served a subpoena *duces tecum* on Cellco Partnership d/b/a Verizon Wireless to obtain subscriber information and call detail records for Defendant Ken B. Gutman ("Gutman's") cellular telephone number. Gutman objects to Plaintiffs contacting certain persons whose telephone numbers will appear in the subpoenaed phone records. Accordingly, in an effort to balance Gutman's privacy concerns with Plaintiffs' need to obtain discovery of Gutman's telephone calls related to the claims and defenses at issue in this action, Plaintiffs, on the one hand, and Gutman, on the other hand, hereby agree and stipulate as follows:

1. The parties' counsel, having agreed and stipulated to the entry of a protective order governing the handling of confidential information in this action, shall submit their stipulation and proposed protective order to the Court for entry as an order of the Court.

2. Gutman shall not communicate any written objections to Verizon Wireless concerning its production of his cellular telephone records, and if Gutman has already made any

-1-

such communication to Verizon Wireless, he shall inform Verizon Wireless that his objections are withdrawn and shall direct Verizon Wireless to produce the requested records to Plaintiffs' counsel.

3. After receiving them, Plaintiffs' counsel shall provide a complete copy of all subpoenaed records received to Gutman's counsel promptly upon receipt. All such records shall be designated ATTORNEYS' EYES ONLY, pursuant to the parties' stipulated protective order, from the date received by Plaintiffs' counsel until fourteen (14) days after such date (the "Review Period"). During the Review Period, Gutman shall review the records in their entirety and shall prepare, in good faith, a written log that: (a) identifies each person Gutman does not want Plaintiffs to contact by name and telephone number; (b) identifies each such person's relationship to Gutman; (c) sets forth all reasons why each such person should not be contacted by Plaintiffs; and (d) certifies under oath, for each such person, that she or he does not possess discoverable information relevant to the parties' claims or defenses. During the Review Period, Plaintiffs' counsel shall not call any of the numbers and/or persons listed in the records and shall not disclose the records or any information contained therein to any person not entitled to the disclosure of materials designated ATTORNEYS' EYES ONLY, as set forth in the parties' stipulated protective order.

4. At or before the end of the Review Period, Gutman's counsel shall serve a copy of the log on Plaintiffs' counsel. Upon receipt of the log, the designated confidentiality level of the telephone records shall be automatically downgraded from ATTORNEYS' EYES ONLY to CONFIDENTIAL without any further action on the parties' part, and neither Plaintiffs nor their counsel shall contact any person listed on the log without Gutman's prior written consent or an order of the Court specifically authorizing such contact, as provided for herein. Plaintiffs or their counsel may contact all such persons not listed on the log whose telephone numbers appear in the subpoenaed telephone records.

5. Upon receipt of the log, and at all times thereafter, if Plaintiffs or their counsel reasonably believe that any telephone number listed in the log corresponds to a person who possesses information relevant to the parties' claims or defenses, Plaintiffs, through counsel,

1  may in writing seek Gutman's written consent to call an such number and/or person. Within ten
2  (10) days after receiving such written request, the parties' respective counsel shall meet and
3  confer to determine whether Gutman will consent to the request. If Gutman consents to the
4  request, his consent shall be communicated to Plaintiffs' counsel in a written document signed
5  by Gutman or his counsel. If the parties are unable to reach an agreement after meeting and
6  conferring, Plaintiffs shall be entitled to file a motion with the Court seeking leave to call the
7  numbers and/or persons identified in the request. If the Court grants the motion, the Court shall
8  award Plaintiffs their reasonable expenses, including attorneys' fees and costs incurred in
9  connection with the motion.

10  6.  Plaintiffs have also served Gutman with a request for production of documents seeking Gutman's cellular telephone bills. The provisions of this order shall apply to those records as well with the Review Period beginning to run on the date any such records are first produced by Gutman.

**IT IS SO AGREED AND STIPULATED:**

HOWARD & HOWARD ATTORNEYS PLLC      BLUT LAW GROUP, P.C.

By: /s/ Jonathan W. Fountain                             By: /s/ Eliot S. Blut
Jonathan W. Fountain (NV Bar No. 10351)        Eliot S. Blut (NV Bar No. 6570)
Matthew J. Kreutzer (NV Bar No. 8834)           300 South Fourth Street, Suite 701
3800 Howard Hughes Pkwy., Suite 1000          Las Vegas, NV 89101
Las Vegas, NV 89169                                        Tel. (702) 384-1050
Tel. (702) 257-1483                                           Email: eblut@blutlaw.com
Email: jwf@h2law.com
Email: mjk@h2law.com                                    *Attorneys for Defendant*
                                                                         *Ken B. Gutman*
*Attorneys for Plaintiffs*
*Proteinhouse Franchising, LLC,*
*LRAB, LLC and Andrew F. Bick*

**IT IS SO ORDERED:**

_____
UNITED STATES MAGISTRATE JUDGE

DATED: May 22, 2018

4824-5196-2723, v. 1

-3-